Russell M. RAYNER, Appellant,

v.

JOHN BUIST CHESTER HOSPITAL et al., Appellees.

No. 5456.

Court of Civil Appeals of Texas, Waco.

July 17, 1975.

Rehearing Denied Aug. 7, 1975.

Ruth Rayner, Dallas, for appellant.

Seay, Gwinn, Crawford, Mebus & Blakeney, James S. Maxwell, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in a medical malpractice suit against defendants' hospital and medical doctor.

Plaintiff sued defendants for personal injuries sustained by him when a great amount of blood flowed into his scrotum when the diatube was inserted into his groin during a routine catheterization test. Plaintiff plead seven specific acts of negligence on the part of the defendants, and then in paragraph VII plead in the alternative "he does not know the exact cause of said accident, the blood flowing into the scrotum, but that the character and circumstances of the said accident is such as to lend reasonably to the belief that without negligence the accident would not have happened. * * * By reason of the foregoing plaintiff is entitled to rely upon the doctrine of res ipsa loquitur in holding said defendants liable for the said injuries resulting from said accident".

Defendants specially excepted to the foregoing "for the reason that same attempts to plead the theory of res ipsa loquitur which under the facts and circumstances of this case * * * is not permitted * * * *".

The trial court sustained such exception and deleted plaintiff's plea of res ipsa loquitur from plaintiff's pleadings.

After trial to a jury on plaintiff's plead acts of negligence, the trial court on motion of defendants, withdrew the case from the jury, and rendered judgment plaintiff take nothing by his cause of action against defendants.

Plaintiff appeals on one point:

"The court erred in disallowing plaintiff's alternative pleading of Res Ipsa Loquitur for either or both of the two reasons, to wit:

"1) The facts and circumstances of this case fall within one of the three types of Texas malpractice cases in which no expert testimony is required and in which Res Ipsa Loquitur is applicable.

"2) There is no basis in medical malpractice cases in Texas to warrant a blanket rule that Res Ipsa Loquitur cannot be applied to malpractice cases."

Plaintiff has brought forward no Statement of Facts asserting "the only Point of Error being alleged is one of law concerning the use of the Res Ipsa Loquitur doctrine in a malpractice case and it is felt that

there is adequate information concerning the case in the Transcript and Supplement to the Transcript."

The doctrine of res ipsa loquitur is generally held by Texas courts to be inapplicable to medical malpractice cases. *Harle v. Krchnak,* Tex.Civ.App., NWH, 422 S.W.2d 810; *Shockley v. Payne,* Tex.Civ.App., NRE, 348 S.W.2d 775; *Bell v. Umstattd,* Tex.Civ.App., NRE, 401 S.W.2d 306.

An exception to this rule is recognized where the nature of the alleged malpractice and injuries are plainly within the common knowledge of laymen, as where the negligence alleged is in the use of mechanical instruments, operating on the wrong portion of the body, or leaving surgical instruments or sponges within the body. In such cases the requirement of medical testimony is eliminated, but the necessity of proof of negligence remains. *Harle v. Krchnak,* supra; *Shockley v. Payne,* supra; *Goodnight v. Phillips,* Tex.Civ.App., NRE, 418 S.W.2d 862; *Louis v. Parchman,* Tex. Civ.App., NRE, 493 S.W.2d 310; *Stinnett v. Price,* Tex.Civ.App., NRE, 446 S.W.2d 893.

In the case at bar plaintiff plead that while undergoing a routine catheterization test, blood flowed into his scrotum causing injury.

Whether such described injury resulted from negligence is not within the common knowledge of laymen, but is peculiarly within the knowledge of medical witnesses. See *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779, 782; *Amerine v. Hunter,* Tex. Civ.App., NRE, 335 S.W.2d 643; *Shockley v. Payne,* supra.

Plaintiff's pleadings do not allege facts that would invoke the doctrine of res ipsa loquitur in a medical malpractice case.

Plaintiff's point is overruled.

Affirmed.