**Mildred L. GOODWIN, Appellant,**

v.

**TEXAS GENERAL INDEMNITY COMPANY, Appellee.**

**No. 01–82–590–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 16, 1983.

Rehearing Denied Aug. 4, 1983.

Gregory W. Allen, Houston, for appellant.

S.R. Lewis, Jr., Houston, for appellee.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

## OPINION

BULLOCK, Justice.

This is a worker's compensation case, involving an occupational disease, in which the trial court entered a summary judgment in favor of the insurance carrier, appellee herein. The claimant, appellant herein, surviving spouse of the deceased workmen, failed to file her claim with the Industrial Accident Board within six months after her husband's death as required by Tex.Rev.Civ.Stat.Ann. art. 8307, § 4a (Vernon 1967). Appellee timely filed suit to set aside the board award, and the claimant filed a cross-action in which she reasserted her right to compensation benefits for the work-related death of her husband, Carter B. Goodwin. The trial court entered a take-nothing judgment against appellant which provided, in relevant part:

> ... the Court finds that there is an absence of a genuine issue of any material fact on the issue of the six months filing of claim limitations. The Court therefore finds that the Plaintiff/Cross-defendant ... is entitled to judgment as a matter of law.

Appellant asserts two points of error which shall be discussed jointly:

1. The trial court erred in rendering a Summary Judgment in favor of Appellee because the totality of the circumstances on the record shows good cause for Appellant's delay in filing her claim for workers' compensation death benefits.

2. The trial court erred in rendering Summary Judgment in favor of Appellee because the record shows a fact question on the issue of good cause, which should have been resolved by a jury.

The fact statement furnished by appellant, and supplemented as necessary [bracketed portions], is included herein:

Carter B. Goodwin was diagnosed as having a spot on his lung in October, 1977, and underwent surgery in November, 1977. At the time of this operation, the doctors involved did not specify the cause of the cancer. [In contrast to a statement which is forthcoming, the deposition testimony of Preston C. Goodwin reflects that the family first suspected that the cancer was work-related at the time of this operation because of comments by the treating physician concerning the deceased's exposure to asbestos]. Mr. Goodwin died on December 4, 1977. At approximately the time of Mr. Goodwin's death, the family of the deceased began to suspect that the cause of death may have been work-related. Specifically, these suspicions were aroused by a comment made by the attending physician. Further inquiry was urged by the daughter of the deceased, Barbara Diemer, who had been employed by Johns-Manville in Colorado and was aware of that company's problems involving asbestosis and employees who had had exposure to asbestos in the work place. At this point, the family began their efforts to secure all available records in regard to their respective husband's and father's illness and its cause. They encountered difficulty in obtaining the records and a delay of approximately two to three months resulted. In approximately March, 1978, the records were submitted to a Johns-Manville doctor in Colorado. After some period of time, during which the doctor in Colorado studied the medical data, in June, 1978, Mrs. Goodwin was informed that the doctor felt there was a work-related cause. This doctor, however, did not wish to be involved as a matter of record. In approximately June, 1978, she asked her son, Preston C. Goodwin, a licensed attorney, to handle the notification to Marathon and the filing of the claim. [Mrs. Goodwin also indicated that at this time, i.e., June of 1978, there was no question in her mind that her husband's death was work related].

Mr. Preston C. Goodwin notified the employer in approximately *June, 1978,* and filed the compensation claim a week or two thereafter. From the deposition evidence, the initial claim was mailed during the early part of July, 1978. After approximately one month from date of filing the claim, Mr. Goodwin became concerned because he had received *no response* from the Industrial Accident Board regarding his mother's claim. In approximately August, 1978, Mr. Goodwin contacted the Board and learned that they had not received the claim. Beginning sometime in August, 1978, a further period of administrative delay occurred while Mr. Preston Goodwin was communicating with the Board and the Board employees were continuing to search their files. During the summer of 1978, the family was continuing the investigation and efforts to secure proof of the exact cause of death by contacting a specialist, Dr. Daniel Jenkins and sending him the medical records to review. His letter dated September 6, 1978, set forth the first written substantiation the family had of a work-related cause. Mr. Goodwin *filed the claim on September 19, 1978,* including with it a copy of Dr. Jenkins' letter, [approximately nine and one-half (9½) months after the date of death]. (Emphasis supplied).

Tex.Rev.Civ.Stat.Ann. art. 8307 § 4a (Vernon 1947), provides as follows:

Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a *notice of* the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury or of the first distinct manifestation of an occupational disease; *or, in case of death of the employee* or in the event of his physical or mental incapacity, *within six (6) months after death* or the removal of

such physical or mental incapacity. *For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board.* (Emphasis supplied).

Thus, in effect, this statute provides that appellant's right to compensation benefits is barred because of her failure to file the claim within 6 months from the date of her husband's death, *unless* good cause for her delay in filing is shown. The delay involved here is approximately three and one-half months (i.e., the claimant's husband expired on December 4, 1977, and therefore, the deadline for filing was in early June of 1978, yet the claim was not actually received by the IAB until September 19, 1978).

■ The general rule for determining whether a claimant for compensation benefits meets the burden of proof of showing that there was "good cause" for the delay in filing a claim past the statutory filing period was announced by the Texas Supreme Court in *Hawkins v. Safety Casualty Co.,* 146 Tex. 381, 207 S.W.2d 370 (1948):

> The term "good cause" for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of *ordinary prudence,* that is whether the claimant prosecuted his claim with that degree of diligence that an ordinary prudent person would have exercised under the same or similar circumstances. Consequently, whether he had used the degree of *diligence* required is ordinary a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably to the claimant, admits no other reasonable conclusion. (Emphasis supplied).

It is equally well settled that the claimant is under a duty of continuing diligence. That is, if a claim is not filed within the six month period after the injury or death, the claimant must show proof that good cause existed until the day the claim was actually filed. *Texas Casualty Insurance Company v. Beasley,* 391 S.W.2d 33 (Tex.1965). The question of whether or not the claimant used that degree of diligence required is ordinarily a question of fact and becomes a question of law only when the evidence admits no other reasonable conclusion. *Hawkins, supra.*

■ In determining whether the claimant exercised that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances, "the totality of the [claimant's] conduct must be considered as elemental in determining ordinary prudence." *Lee v. Houston Fire & Casualty Ins. Co.,* 530 S.W.2d 294 (Tex.1975). Indeed, it has been said that since each "good cause" case inherently depends upon its own facts, "precedent in decided cases is of little value except for general legal principles that are well established in this state." *King v. Texas Employers Insurance Association,* 416 S.W.2d 533 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.).

However, this is not a case involving the issue of whether or not appellant has proven facts sufficient to show she had "good cause" for not filing her claim for compensation within 6 months after her husband's death. Indeed, this is an appeal from a judgment summarily rendered against appellant and, therefore, it is the burden of the appellee to prove, as a matter of law, that there is no genuine issue of fact as to this "good cause" element of the claimant's cause of action. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972).

■ In determining whether the trial court erred in entering the summary judgment against appellant, this court must accept as true the non-movant's version of the facts as evidenced by the summary judgment proof and must make every reasonable inference in the non-movant's favor. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952); *Conerly v. Morris,* 575 S.W.2d 633 (Tex.Civ.App.—Houston [1st

Dist.] 1978, writ ref'd n.r.e.). In fact, it has been said that it matters not that the reviewing court may surmise that the party opposing the motion is unlikely to prevail on the merits. *Herold v. City of Austin,* 310 S.W.2d 368 (Tex.Civ.App.—Austin 1958, writ ref'd n.r.e.).

■ Lastly, it is well settled that in reviewing a summary judgment, this court is to disregard all conflicts in the evidence; that is, the proof which tends to support the position of the party opposing the motion is accepted as true, and all doubts as to the existence of a genuine issue of a material fact are resolved against the movant. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972); *Ginther v. Taub,* 570 S.W.2d 516 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.).

Therefore, based on these stated applicable principles of law, the inquiry before the court is this: whether the summary judgment proof compels "no other reasonable conclusion" but that, in viewing the totality of appellant's conduct, she failed to exercise her continuing duty of ordinary prudence in prosecuting her claim for compensation.

Disregarding all conflicts in the summary judgment proof and accepting as true the proof which tends to support the position of the non-movant, *Farley* and *Ginther, supra,* the record reflects that the first indication beyond mere suspicion that a work-related cause of death was probable was in June of 1978, at which time a physician, who was given the deceased's medical records, told the family his opinion. Within a reasonable time thereafter, the record reflects that appellant's son, coincidentally a licensed attorney of this State, but never attorney of record in any of these proceedings, notified the deceased's employer by letter in late June of 1978, and shortly thereafter, sent a claim for compensation to the IAB. This claim, however, was either never received, or was misplaced, by the IAB. After approximately a month had elapsed without hearing from the Board, appellant's son made repeated inquiries as to the status of the claim. During the entire period of delay, the record reflects an ongoing investigative process, culminating in a letter from a medical specialist, dated September 6, 1978, confirming the previous medical opinion. Thirteen days thereafter, on September 19, 1978, the IAB received the claim for compensation.

We hold that this record does not indicate that lack of diligence is the "only reasonable conclusion." Indeed, it has been said, in the context of whether the "good cause" issue should go to the jury, that "if there is *any* evidence of care and prudence in the prosecution of the claimant's rights, the sufficiency of the evidence is a question for the jury." (Emphasis supplied). *Lee, supra.*

■ Workers Compensation laws are to be liberally construed to effectuate the remedies granted therein. *Tate v. Standard Accident Insurance Co.,* 32 S.W.2d 932 (Tex.Civ.App.—Beaumont 1930, writ ref'd); *Travelers Insurance Co. v. Johnson,* 131 S.W.2d 242 (Tex.Civ.App.—Beaumont 1939, writ dism'd, judgmt. cor.). Also, the rules applicable to routine accident inquiries are not necessarily appropriate in occupational disease cases. See *Commercial Insurance Co. of Newark, New Jersey v. Smith,* 596 S.W.2d 661, 664 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.).

■ Appellant's two points of error are sustained. We reverse the judgment of the trial court and remand this cause for further proceedings.