STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

David MAYNORD, Appellee.

No. 2–84–208–CV.

Court of Appeals of Texas, Fort Worth.

April 3, 1985.

Publication Ordered May 1, 1985.

Charles M. Bradshaw, Dallas, for appellant.

Dushman, Friedman & Brady, Jack Friedman & Lowell E. Dushman, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK, J.

## OPINION

BURDOCK, Justice.

This is an appeal from a summary judgment in favor of appellee, plaintiff below, on an insurance policy.

We reverse and render a take nothing judgment for appellee.

Appellee had two insurance policies with appellant. One was a Texas Personal Auto Policy which scheduled three cars owned by appellee. The other policy was a Texas Standard Automobile Policy on which appellee's motorcycle was scheduled.

On July 14, 1982, appellee was injured in a collision while riding his motorcycle. The damages he sustained due to bodily injuries were agreed by the parties to be in excess of $5000. Appellee filed a claim under his Texas Standard Automobile Policy, which covered the motorcycle, and was paid $2,500 under the personal injury protection (PIP) provision. He then made a claim for $2,500 in PIP benefits under his Texas Personal Auto Policy. (The maximum amount of PIP benefits provided in each policy was $2,500.) Appellant denied the claim on the grounds that the motorcycle was not a scheduled vehicle and was therefore excluded from coverage under that policy.

Appellee then brought suit to recover the PIP benefits existing under the Texas Personal Auto Policy. An agreed statement of facts was filed by the parties and each party moved for summary judgment. The trial court granted appellee's motion for summary judgment, denied appellant's motion, and awarded appellee $2,500 plus the statutory penalty, interest, and attorney's fees.

Appellee's right to receive the $2,500 in PIP benefits under his Texas Standard Automobile Policy, which insured the motorcycle, is not challenged by appellant. We find that appellee was entitled to receive those PIP benefits and therefore we need not consider the Texas Standard Automobile Policy any further.

Appellant presents two points of error on appeal arguing that the trial court erred in granting appellee's motion for summary judgment and denying appellant's motion for summary judgment because appellee is not entitled to receive PIP benefits under the Texas Personal Auto Policy. The contention of appellant is that the following exclusion in the policy is applicable to this situation:

EXCLUSIONS

We do not provide Personal Injury Protection Coverage for any person for bodily injury sustained: ...

(4). While *occupying,* or when struck by, any motor vehicle (other than *your covered auto* ) which is owned by you. [Emphasis in original.]

Appellant argues that since the term "your covered auto" is defined in the policy and does not include motorcycles, appellee's motorcycle is specifically excluded from coverage under the policy.

Appellee's argument is that where there are two or more policies, PIP benefits should be payable from all the policies as long as the amount of benefits paid does not exceed the actual loss sustained. He further contends that primary coverage follows the vehicle while secondary coverage is derived from appellee's status as an insured policy holder, therefore appellee is entitled to the benefits.

In a summary judgment case, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises a fact issue with reference to the essential elements of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's

cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex. 1970). *See also* TEX.R.CIV.P. 166–A. The burden of proof is on the movant and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972); *Goodwin v. Texas General Indemnity Co.,* 657 S.W.2d 156, 159–60 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

The provisions of TEX.R.CIV.P. 166–A are applicable both to plaintiffs and defendants who move for summary judgment. The judgment sought should be granted, and if granted should be affirmed, only if the summary judgment record establishes the movant's right thereto as a matter of law. *Gibbs,* 450 S.W.2d at 828. The movant establishes his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

■ We find that exclusion four in the policy is applicable here and clearly provides that appellee, as the insured, is not entitled to coverage under the Texas Personal Auto Policy for the injuries he sustained while riding his motorcycle. There is no dispute that the motorcycle was not a "covered auto" as defined in the policy and therefore coverage is simply excluded under the terms of this policy.

■ We can find no merit in appellee's contention that appellant specifically provided for coverage in the event of multiple policies by including an "Other Insurance" clause in the policy. The clause provides:

If there is other Personal Injury Protection Insurance, we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other *collectible* Personal Injury Protection insurance. [Emphasis added.]

It is apparent from a reading of this provision that the "Other Insurance" clause only becomes effective if liability exists under two or more policies. Having found that exclusion four in the policy is valid, no liability exists on this policy and there can be no recovery of PIP benefits.

We find appellee has failed to establish his right to summary judgment as a matter of law. *See City of Houston,* 589 S.W.2d at 678. We reverse and render a take nothing judgment for appellee because, as a matter of law, appellant's motion for summary judgment should have been granted.

The judgment is reversed and rendered.