Dale MARTIN, Appellant,

v.

Lawrence C. PETTA, Appellee.

No. 2–84–129–CV.

Court of Appeals of Texas,
Fort Worth.

July 24, 1985.

William J. Fleniken, Jr., Hurst, for appellant.

Cantey, Hanger, Gooch, Munn & Collins, and John F. Gray, Fort Worth, for appellee.

## OPINION

FENDER, Chief Justice.

Dale Martin, appellant, appeals from a summary judgment in favor of appellee, Lawrence C. Petta, M.D., rendered in a suit for negligence and malpractice. Appellant brought suit against All Saints Episcopal Hospital, appellee Petta, and David A. Reeves, M.D. (an anesthesiologist), for damages arising from the fracture to appellant's small toe on her right foot sustained while appellant was undergoing a hemorrhoid operation. The trial court rendered summary judgment in favor of appellee, Dr. Petta. Subsequently, the cause against Dr. Petta was severed and appeal taken.

We affirm in part and reverse in part.

On February 20, 1979, appellant entered All Saints Episcopal Hospital in Fort Worth, Texas, under the direction and care of appellee, Dr. Petta, for the purpose of having performed on her a hemorrhoidecto-

my. On February 21, appellant was taken to the operating room where Dr. Reeves, a licensed anesthesiologist administered anesthesia to appellant. Appellee performed the hemorrhoidectomy on appellant. Thereafter, appellant was removed to the recovery room and eventually to her own room in the hospital. Early the next morning, appellant discovered that the small toe on her right foot had been injured and notified the nurse on duty. Appellee, the attending physician, directed that the small toe be taped to the adjoining toe. No other medical attention was given the toe. Appellant was discharged with her toe taped.

After discharge from the hospital, appellant continued to experience pain from the injured toe and in March sought the medical advice of Rex Howard, M.D., an orthopedic surgeon. On March 22, 1979, appellant entered Harris Hospital and Dr. Howard performed surgery on appellant's injured toe. We note that it is undisputed that appellant's toe was fractured; however, it is not clear from the record when the injured toe was diagnosed as fractured.

In her petition, appellant alleges causes of action in negligence and medical malpractice against appellee. Specifically, appellant alleges that appellee, Dr. Petta, "failed to use ordinary care in that he failed to keep a proper lookout for [appellant's] safety at and prior to the time she was injured; and [that appellee] failed to meet the standard of care required of a physician after the injuries were incurred in that he failed to properly investigate and determine the nature and extent of the injuries; failed to prescribe proper treatment for the injury; failed to X-ray or cause to be X-rayed the foot and toe in question; and failed to seek the consultation and advice of a properly qualified physician." Appellant relies upon the doctrine of res ipsa loquitur alleging that she was under the exclusive care of the hospital, appellee and Dr. Reeves; that they were in complete control of her person and her body and all mechanical devices, including beds, operating tables, carts and rooms; and that but for negligence the injuries which she received would not have occurred. Additionally, appellant apparently attempts to plead a cause of action of lack of informed consent alleging that she consented to have a hemorrhoid operation performed but at no time consented to have any other portion of her body altered, changed, damaged or injured. However, the facts of this case will not support a cause of action founded upon lack of informed consent.

Appellee's summary judgment proof consists of his own affidavit and the identical affidavits of four orthopedic specialists. In his affidavit, appellee denies the allegations of negligence and states that he did not by any act or omission cause the fracture to appellant's toe. In their affidavits which are identical to one another in all respects except for paragraphs setting forth qualifications of each affiant, the four orthopedic doctors state that based upon their review of the medical records, x-rays, and testimony and their training, experience and practice, it is their opinion that appellee's treatment and care of appellant were in complete conformity with the accepted standard of care for the treatment of a fracture of the small toe of an adult and that no act or omission on the part of appellee resulted in damage or harm to or necessitated further care and treatment of appellant.

Appellant opposed the motion for summary judgment and severance on the ground that fact issues were raised by her pleadings by the fact that appellant has shown that she entered the hospital and had a hemorrhoidectomy and suffered a broken toe while she was under anesthetics, and appellee has made no attempt to explain how a patient goes into the operating room for a hemorrhoid operation and comes out with a broken toe. For this reason, appellant contends that she is entitled to rely upon the doctrine of res ipsa loquitur. Appellant further contends that appellee's attempt to establish the lack of negligence on his part is something that cannot be accomplished in a summary judgment proceeding. Appellant does not rely on the doctrine of res ipsa in regard to her allegations of medical malpractice. Fur-

ther, appellant contends that her affidavit attached to her response to appellee's motion for summary judgment sufficiently controverts appellee's summary judgment evidence so that summary judgment is improper, a fact issue having been raised.

In her affidavit, appellant sets forth her specific qualifications as a registered and licensed nurse from 1941 to 1956 and states that as a registered nurse she has witnessed many operations, in many hospitals, including hemorrhoid operations and is familiar with the operating procedures and instruments involved in the performance of hemorrhoid surgery. Further, she states that in all of her experience as a nurse, she has never witnessed or heard of a person suffering an injury to his toe or foot while undergoing a hemorrhoid operation and such an occurrence is unusual. Appellant additionally states that based upon her own common knowledge and knowledge as a nurse, the toe or foot is not a portion of the human body that is in close proximity to the area where the hemorrhoid surgery is done and that an injury to the foot or toe occurring during the course of a hemorrhoid operation is such an unusual occurrence that those persons in control of the instrumentalities and premises used in the course of the operation should offer some explanation as to how such an unusual event occurred. Lastly, appellant states that appellee totally failed to X-ray her foot to determine the extent of the injury to her toe.

Appellee replies alleging that the doctrine of res ipsa loquitur is not applicable to medical malpractice suits and specifically not applicable to appellee in this case; that appellant has totally failed to attribute any specific act or omission of appellee as having caused or resulted in the fracture in issue; and that the affidavits of the four orthopedic doctors conclusively demonstrate that appellee was not negligent in his treatment and care of the fracture. Additionally, in a supplemental affidavit in support of his second motion for summary judgment and severance, appellee denies any responsibility, supervisory authority or control over the transportation, movement or positioning of the body of appellant, and alleges that the only instruments which he personally used during the course of the hemorrhoidectomy were hemostats, electrosurgical unit, scalpel, anal retractors, scissors, needle holders, syringes, tissue forcepts, suction unit, tape, needles and thread, and that none of the instruments he used came in contact with appellant's foot.

Finally, appellee filed objections to appellant's affidavit in opposition to the motion for summary judgment on the grounds that (1) appellant's affidavit should be stricken in its entirety if it is being offered in part or whole as "medical" expert testimony; (2) appellant's statement that "[appellee], All Saints Episcopal Hospital, and Dr. Reeves had complete control of my body" be stricken because it is inconsistent with her prior statements that she was unconscious during the surgery and does not know what happened because she was asleep; and (3) that appellant's statement that:

I know, both as a nurse and by way of common knowledge, that an injury to the foot or toe occurring during the performance of a hemorrhoid operation is such an unusual occurrence that those persons in control of the instrumentalities and premises used in the hemorrhoid operation ought to offer some explanation as to how such an unusual event occurred.

should be stricken since it does not constitute a statement of fact, but rather a conjecture and conclusion and is, therefore, not of probative value of any possible material fact.

Upon the evidence before it as set forth above, the trial court granted appellee's motion for summary judgment but denied his motion for severance. Approximately one year later, appellant sought and was granted a severance of her cause against Dr. Petta, thereby making the summary judgment final and appealable.

Appellant raises seven points of error on appeal contending that the trial court erred in granting the motion for summary judgment. Basically, appellant argues that the

summary judgment evidence was controverted and raised genuine issues of fact.

TEX.R.CIV.P. 166–A(c) (Vernon Supp. 1985) provides in pertinent part:

> The motion for summary judgment shall state the specific grounds therefor.... No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.... A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies and could have been readily controverted.

·*Id.*

■ In a summary judgment case, the question on appeal, as well as in the trial court, is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970). *See also* TEX.R.CIV.P. 166–A. The burden of proof is on the movant and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.1972);

*Goodwin v. Texas General Indemnity Co.*, 657 S.W.2d 156, 159–60 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

■ The provisions of Rule 166–A are applicable both to plaintiffs and defendants who move for summary judgment. The judgment sought should be granted, and if granted, should be affirmed, only if the summary judgment record establishes the movant's right thereto as a matter of law. *Gibbs*, 450 S.W.2d at 828. The movant establishes his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

In her first three points of error, appellant attacks the sufficiency of the affidavits of Dr. Petta and the four orthopedic surgeons to support the summary judgment. Appellant contends that the affidavits contain inadmissible evidence and do not address all elements of appellant's causes of action. Appellant stresses that she has pled two causes of action against Dr. Petta: that Dr. Petta was negligent in causing the injury and that Dr. Petta was negligent as a physician in failing to properly discover, care for and treat the injury after it occurred. In other words, appellant contends that she has pled causes of action in common law negligence and medical malpractice. Appellant contends that the summary judgment proof does not address the common law negligence cause of action and is insufficient to support a judgment in the medical malpractice cause of action.

Dr. Petta argues that appellant has pled a case of medical malpractice to which the rules of ordinary negligence do not apply pointing out that the appellant in her pleadings invoked the provisions of the Medical Liability and Insurance Improvement Act. *See* TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Supp.1985) [hereinafter Medical Liability Act] which governs causes of action based on health care liability claims which accrue after August 29, 1977, the effective

date of the Act. Dr. Petta contends that appellant is therefore precluded from relying on the theory of common law negligence. We do not agree.

The Medical Liability Act provides at section 7.01 that the common law doctrine of res ipsa loquitur shall apply to health care liability claims against health care providers and physicians in limited circumstances. Therefore, a plaintiff is not automatically precluded from pleading a cause of action in common law negligence, but in a proper case may plead a cause of action in common law negligence and also rely upon the common law doctrine of res ipsa.

In the case at bar, appellant seeks to recover for two specific and distinct acts of alleged negligence: negligence in causing the injury and negligence in subsequently treating the injury. Therefore, appellant pled two separate causes of action, both governed by the provisions of the Medical Liability Act.

For the sake of clarity, we will address appellant's points in reference to each cause of action separately, discussing the points in reference to the medical malpractice cause of action first.

Appellant contends that the affidavits of the four orthopedic doctors are conclusory and inadmissible because they fail to establish the medical standard of care for the treatment of a broken small toe in the Tarrant County area. Instead, the doctors in their affidavits stated that they were "familiar with the accepted standard of care concerning the usual treatment of a fracture of the ... fifth toe of an adult as such standard applies to medical practitioners who practice in areas other than in an orthopedic specialty and to practitioners within the orthopedic specialty and as such standard existed in Tarrant County community in 1979" and that Dr. Petta's treatment of appellant's toe "followed the accepted standard of care."

We agree with appellant's contention that the affidavits are merely conclusory and, therefore, inadmissible because they fail to state what the standard of care for treatment of a broken small toe in the area was. As we stated in *Coan v. Winters*, 646 S.W.2d 655 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.).

The medical standard of care is the threshold question in a medical malpractice case and that must be established so that the fact finder can determine whether the doctor's act or omission deviated from the standard of care to the degree that it constituted negligence or malpractice. *Stanton v. Westbrook*, 598 S.W.2d 331 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Testimony by a medical expert of whether a defendant doctor was negligent, or of what constitutes negligence or malpractice on the part of a defendant doctor, or what that medical expert would have done, is inadmissible in a medical malpractice suit. *Christian v. Jeter*, 445 S.W.2d 51 (Tex.Civ.App.—Waco 1969, writ ref'd n.r.e.); *Snow v. Bond*, 438 S.W.2d 549 (Tex.1969); *Burks v. Meredith*, 546 S.W.2d 366 (Tex.Civ. App.—Waco 1976, writ ref'd n.r.e.). An expert witness in a medical malpractice case should state what the standard of care for the specific disease or condition is in a given locality and then state what conduct of the defendant doctor violated or breached that standard or care. *Snow v. Bond, supra; Burks v. Meredith, supra.* Then, unless the evidence shows as a matter of law that the doctor is not negligent or that his negligence, if any, was not a proximate cause of his patient's injury, the jury is to determine whether the doctor met the standard of care.

*Id.* at 657–658.

Because we find the affidavits of the four orthopedic surgeons inadmissible, we hold that the summary judgment was improper as to the medical malpractice cause of action. There is a fact issue as to whether Dr. Petta properly treated the injured toe. Therefore, we must reverse the judgment of the trial court in regard to the medical malpractice cause of action alleging negligence in the treatment of the toe.

Accordingly, appellant's first three points are sustained in reference to the medical malpractice cause of action.

In her fourth, fifth and sixth points, appellant contends that the trial court erred in granting summary judgment because (4) the doctrine of res ipsa loquitur was properly invoked raising a question of fact, (5) the injury occurred to a portion of the appellant's body other than that which Dr. Petta was hired to treat, and (6) the summary judgment proof failed to negate negligence concerning Dr. Petta's use of mechanical instruments. Appellant argues these points together. For the following reasons, we overrule each of these points.

The threshold question before this Court is whether the doctrine of res ipsa loquitur is applicable to the facts of this case.

■ In Texas it is well settled that the doctrine of res ipsa is simply a rule of evidence whereby negligence may be inferred upon proof that (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Mobil Chemical Company v. Bell,* 517 S.W.2d 245, 251 (Tex.1974) and cases cited therein. The first factor is necessary to support the inference of negligence and the second factor is necessary to support the inference that the defendant was the negligent party. *Id.*

As stated by the Tyler Court of Appeals in *Southwest Texas Methodist Hospital v. Mills,* 535 S.W.2d 27 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.):

The doctrine of res ipsa loquitur springs from the very practical process of drawing logical conclusions from circumstantial evidence. Its purpose is to permit one who suffers injury from something under the control of another, which ordinarily would not cause the injury except for the other's negligence, to present his grievances to the court or jury on the basis of the reasonable inferences to be drawn from such facts, even though he

may be unable to present direct evidence of the other's negligence.

*Id.* at 30.

The Texas Legislature limited the application of res ipsa loquitur in medical malpractice cases when it enacted the Texas Medical Liability and Insurance Act, TEX. REV.CIV.STAT.ANN. art 4590i (Vernon Supp.1985), effective August 29, 1977, which provides at section 7.01 as follows:

The common law doctrine of res ipsa loquitur shall only apply to health care liability claims against health care providers or physicians in those cases to which it has been applied by the appellate courts of this state as of the effective date of this subchapter.

*Id.*

■ Prior to the effective date of this Act, Texas courts generally held that the doctrine of res ipsa was not applicable to medical malpractice cases except where the nature of the alleged malpractice and injuries are plainly within the common knowledge of laymen. These cases include using mechanical instruments negligently, operating on the wrong part of the body, or leaving surgical instruments or sponges within the body. In such cases, the requirement of medical testimony is eliminated but the necessity of the proof of negligence remains. *See Williford v. Banowsky,* 563 S.W.2d 702 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.); *Irick v. Andrew,* 545 S.W.2d 557 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.); *Rayner v. John Buist Chester Hospital,* 526 S.W.2d 637 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.); *See also* Perdue, Res Ipsa Loquitur: Applicability to Malpractice Cases in Texas, 10 Tex.Tech.L.Rev. 371 (1979).

■ In the case at bar appellant alleges in her petition that she received a broken toe while in the hospital for hemorrhoid surgery; that she was under Dr. Petta's care and supervision while she was in the hospital and at the time she incurred the injury and that Dr. Petta failed to keep a proper lookout for her safety. Further, in

order to rely upon the doctrine of res ipsa, appellant alleges that:

[S]he was under the exclusive care of the three (3) Defendants named herein; that they were in complete control of her person and her body and all mechanical devices, including beds, operating tables, carts, and rooms; and that in the absence of failure to use ordinary care the injuries which she received would not have occurred. Further, in the absence of their failure to meet the minimum standards of care for hospitals and physicians under such circumstances, such injuries would not have occurred.

We find that appellant's pleadings allege facts which fall within the recognized exception of using mechanical instruments negligently and, therefore, would invoke the doctrine of res ipsa loquitur in this case. Clearly, whether appellant's broken toe resulted from negligence would not require expert medical testimony and is within the common knowledge of laymen. However, we also find, after reviewing the record before us, that the trial court did not err in rendering summary judgment in favor of Dr. Petta in this cause of action.

 In her petition appellant pled that Dr. Petta and the two other defendants "were in complete control ... of all mechanical devices, including beds, operating tables, carts, and rooms." Dr. Petta established in his uncontroverted supplemental affidavit that neither he nor his assistant were involved in any manner with the transport, movement or positioning of appellant's body and that the only instruments used by him during the course of the operation were hemostats, electrosurgical unit, scalpel, anal retractors, scissors, needle holders, syringes, tissue forceps, suction unit, tape, needles and thread, which list does not include any of the instruments alleged in appellant's petition.

We hold that the evidence establishes that there is no genuine issue of fact as to whether Dr. Petta's negligent use of an instrumentality caused appellant's injury. The evidence establishes conclusively that Dr. Petta exercised no control over the instrumentalities alleged by appellant in her petition. Consequently, we overrule appellants' fourth, fifth and sixth points.

 In a seventh point, appellant contends that a fact issue exists concerning the cause of action upon "lack of consent". We hold that appellant has pled no viable cause of action founded upon lack of informed consent. Appellant's seventh point is overruled.

The judgment of the trial court is affirmed in regard to the cause of action in negligence and reversed and remanded for trial in regard to the alleged negligent medical treatment of the injured toe. Costs will be assessed at one-half as to each party.

Joined by JORDAN, JOE SPURLOCK II and HILL, JJ.

ASHWORTH, J., dissents, joined by BURDOCK and HOPKINS, JJ.

ASHWORTH, Justice, dissenting.

I respectfully dissent to that portion of the majority opinion which holds there is no fact question as to whether Dr. Petta's negligent use of an instrumentality caused appellant's injury.

While the "captain of the ship" doctrine has been abolished, medical doctors still remain liable for their own acts of negligence within the confines of the Medical Liability Act. Under the unusual circumstances of this case, the doctrine of res ipsa loquitur applies.

The patient has placed herself under the complete control of the doctor. She sustains a broken toe while undergoing a hemorrhoidectomy, an injury completely unrelated to the treatment authorized. In these circumstances, such an injury would not be sustained in the absence of negligence. The patient has no personal knowledge of what occurred while she was unconscious. In this instance the doctor's statement of no negligence on his part presents a fact question to be resolved by the fact finder; his credibility is a fact issue.

Appellant's fourth, fifth, and sixth points of error should be sustained.

Joined by BURDOCK and HOPKINS, JJ.