Shirley G. WESTERLUND, Appellant,

v.

Dr. Adam NAAMAN, Appellee.

No. 01–91–01284–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 9, 1992.

John Ward, Houston, for appellant.

Michael Feehan, Timothy D. Riley, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellant, Shirley G. Westerlund, appeals the granting of a summary judgment in favor of appellee, Dr. Adam Naaman.

On December 5, 1988, Westerlund visited Dr. Naaman complaining of pain. After various testing and analysis, Dr. Naaman performed a colonic dissection during a laparomtomy examination on December 15, 1988. During the operation, a small rent was made on Westerlund's bladder.

Westerlund continued to experience pain after the surgery. She then went to Dr. Ira Flax concerning the pain. On January 5, 1990, Dr. Flax performed a colonoscopy exam on Westerlund. On July 6, 1990, Dr. Flax again performed a colonoscopy exam on Westerlund and also removed a colonic polyp. During this second colonoscopy exam, Dr. Flax discovered a 30 centimeter long thread in Westerlund's colon.

Westerlund brought suit against Dr. Naaman, alleging that he was negligent in:

1) failing to meet the commonly accepted medical standards for the type of surgery performed on Westerlund by failing to use the usual, common, proper, and standard medical procedures as were customary at the time of Westerlund's surgery;

2) failing to make appropriate diagnostic inquiries and tests prior to surgery, and failing to properly evaluate the information learned from the tests performed on Westerlund;

3) failing to take and use proper and necessary remedial procedures, practices, substances, and treatments, and failing to properly follow up the results and complications of surgery on Westerlund by failing to perform the appropriate tests, procedures, and treatments necessary in the post-operative care of Westerlund;

4) concealing the true nature of Westerlund's conditions and the results of the surgery performed on Westerlund;

5) allowing foreign substances to remain in Westerlund's body after surgery and failing to remove the foreign substances; and

6) failing to diagnose the proper condition of Westerlund caused by the foreign substances left in her body after the surgery.

Dr. Naaman then filed a motion for summary judgment, supported by his affidavit, which set out his complete medical history with Westerlund and the proper standard of care for a surgeon treating a patient with Westerlund's medical problems. Dr. Naaman specifically denied all of Westerlund's allegations of negligence. Westerlund filed a response and affidavit in response to Dr. Naaman's motion for summary judgment. In her affidavit, Westerlund asserted that during a colonoscopy exam on July 6, 1990, a 30 centimeter long thread was found in her colon and removed. Westerlund also asserted that the thread was left inside her colon as a direct result of Dr. Naaman leaving it there during the December 15, 1988, surgery. On October 25, 1991, the trial court granted Dr. Naaman's motion for summary judgment.

In points of error one through three, Westerlund asserts that the trial court committed reversible error in granting Dr. Naaman's motion for summary judgment because: 1) Westerlund raised the issue of res ipsa loquitur in her pleadings and in her response to Dr. Naaman's motion for summary judgment; and 2) no uncontroverted summary judgment evidence was presented by Dr. Naaman because Westerlund presented controverting evidence in her response to Dr. Naaman's motion for summary judgment.

■ In reviewing the granting of a motion for summary judgment, this Court will consider all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Every reasonable inference will be indulged in favor of the nonmovant, and any reasonable doubt will be resolved

in her favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988); *Goldberg,* 775 S.W.2d at 752. Summary judgment is proper for a defendant if his summary judgment proof establishes, as a matter of law, that there exists no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Id.* at 752. Summary judgment is also proper for a defendant if he conclusively establishes all elements of his affirmative defense as a matter of law. *Munoz v. Gulf Oil Co.,* 693 S.W.2d 372, 373 (Tex.1984). The movant must show there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *MMP, Ltd.,* 710 S.W.2d at 60; *Goldberg,* 775 S.W.2d at 752.

■ Res ipsa loquitur is a form of circumstantial evidence where the negligence of the alleged wrongdoer may be inferred from the fact that the accident happened. *Louis v. Parchman,* 493 S.W.2d 310, 320 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.). The doctrine allows the plaintiff to present her complaints to the trial court on the basis of reasonable inferences drawn from the facts, when she is unable to present direct evidence of the alleged wrongdoer's negligence. *Southwest Texas Methodist Hosp. v. Mills,* 535 S.W.2d 27, 30 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.).

■ To use this doctrine, there must be proof that: 1) the character of the accident is such that it would not ordinarily occur absent negligence, and 2) the instrumentality causing the injury was under the management and control of the wrongdoer. *Marathon Oil Co. v. Sterner,* 632 S.W.2d 571, 573 (Tex.1982).

The application of res ipsa loquitur has been limited in medical malpractice cases by the Texas Medical Liability and Insurance Act, which states:

The common law doctrine of res ipsa loquitur shall only apply to health care liability claims against health care providers or physicians in those cases to which it has been applied by the appel-

late courts of this state as of the effective date of this subchapter. TEX.REV.CIV.STAT.ANN. art. 4590i, sec. 7.01 (Vernon Pamph.1992). The effective date of this statute is August 29, 1977.

▪ Prior to this statute, res ipsa loquitur was generally held to be inapplicable in medical malpractice cases. *Harle v. Krchnak*, 422 S.W.2d 810, 815 (Tex.Civ. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). The only exceptions to this rule were cases where the malpractice and injuries were clearly within the common knowledge of laymen, such as: 1) using mechanical instruments negligently; 2) operating on the wrong part of the body; or 3) leaving surgical instruments or sponges within the body. *Martin v. Petta*, 694 S.W.2d 233, 239 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). In such cases, expert testimony is not required because the negligence is obvious to a laymen. *Id.*

Here, Westerlund alleged in her pleadings that: 1) Dr. Naaman was the one who left the 30–centimeter thread in her colon; 2) Dr. Naaman failed to exercise the degree of care required by law in regard to the medical treatment and care of Westerlund; and 3) Westerlund's injuries and damages were proximately caused by the negligence of Dr. Naaman in allowing foreign substances to remain in Westerlund's body after Dr. Naaman performed surgery on her colon and failing to remove the foreign substances.

Dr. Naaman disputed these statements in his affidavit supporting the motion for summary judgment. In his affidavit he stated: 1) "the foreign body appeared to be a 30 centimeter long thread of some sort and not any surgical material used by me in performance of the exploratory laparotomy and bladder repair in December 1988"; 2) he was familiar with the standard of care for a general surgeon practicing medicine in Harris County; 3) he performed the standard of care in the surgery and treatment of Westerlund; 4) nothing he did or failed to do caused Westerlund any injury or damage; 5) he ordered the appropriate tests and made a proper evaluation from the tests; 6) he performed the appropriate post-operative tests on Westerlund and provided her with the appropriate post-operative care; 7) he followed correct procedure and did not conceal the results of the surgery; 8) he denied all of Westerlund's allegations of negligence.

In her affidavit, Westerlund stated that: 1) on December 15, 1988, a colonic dissection was performed on her by Dr. Naaman; 2) her colon had not been opened during any prior medical procedure in her lifetime; 3) during a colonoscopy exam performed by Dr. Flax on July 6, 1990, a "30 centimeter long thread" was removed from her colon; 4) from the December 15, 1988, surgery until the "foreign material" was removed on July 6, 1990, she experienced pain throughout her stomach and colon area; and 5) as the direct result of the "foreign material" being left in her colon by Dr. Naaman during the December 6, 1988, procedure, she incurred substantial medical expenses, loss of earnings, and experienced pain and suffering and mental anguish.

▪ We hold that Westerlund's pleadings and affidavit in response to the motion for summary judgment do not allege facts that fall within any exceptions to the general rule that res ipsa loquitur is inapplicable in medical malpractice cases. Westerlund did not allege that Dr. Naaman left any type of surgical instrument in her colon; she alleged that Dr. Naaman left foreign material, i.e., a thread, in her colon. The alleged malpractice and injuries are not within the common knowledge of laymen because a "thread" could have lodged in Westerlund's colon through ingestion or through means other than through surgery. To determine whether the "thread" was surgical material would have required expert medical testimony regarding the foreign material. Without alleging and proving that the "thread" was surgical material or a surgical instrument, res ipsa loquitur is not applicable in this case. *See Martin*, 694 S.W.2d at 239; *Harle*, 422 S.W.2d at 815.

Rule 166a(c) of the Texas Rules of Civil Procedure provides in pertinent part:

A summary judgment may be based on uncontroverted testimonial evidence of

an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

TEX.R.CIV.P. 166a(c).

■ Because the doctrine of res ipsa loquitur does not apply to Westerlund's allegations of negligence, *Martin,* 694 S.W.2d at 239, she was required to produce expert medical testimony to prove that Dr. Naaman was negligent and his actions were the proximate cause of Westerlund's injuries and damages. *Hart v. Van Zandt,* 399 S.W.2d 791, 792 (Tex.1965); *Tilotta v. Goodall,* 752 S.W.2d 160, 163 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Westerlund's lay witness testimony has no probative force in a medical malpractice case. *Id.*

■ We hold that summary judgment was properly granted on all allegations of negligence. Dr. Naaman's affidavit set out his qualifications, described the services he performed for Westerlund, stated that he acted in accordance with the standard of care prevalent for a general surgeon in Harris County, specifically denied each of the allegations of negligence contained in Westerlund's petition, and stated the opinion, based upon a reasonable degree of medical probability, that no act or omission on his part caused any injury or damage to Westerlund. The evidence furnished by the affidavit was clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and the subject matter was such that the trier of fact must be guided solely by the opinion testimony of an expert. *Hart,* 399 S.W.2d at 792; *Tilotta,* 752 S.W.2d at 163. Westerlund offered no expert medical testimony concerning the allegations of negligence. Therefore, Dr. Naaman's summary judgment proof established, as a matter of law, that there exists no genuine issue of material fact concerning the proximate cause of Westerlund's injuries and damages and

concerning whether Dr. Naaman violated the standard of care. *Goldberg,* 775 S.W.2d at 752.

Westerlund's first through third points of error are overruled.

In her fourth point of error, Westerlund contends that the trial court erred in granting Dr. Naaman's motion for summary judgment because Dr. Naaman's affidavit in support of his motion for summary judgment consisted of conclusions that would not support a summary judgment. In her fifth point of error, Westerlund asserts that the trial court erred in granting Dr. Naaman's motion for summary judgment because her affidavit in response to Dr. Naaman's motion for summary judgment was sufficient to controvert Dr. Naaman's affidavit, and raised a genuine issue of material fact. We disagree.

As discussed under Westerlund's first through third points of error, Dr. Naaman's affidavit was clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies. Also, as discussed under points of error one through three, Westerlund's affidavit was not sufficient to controvert Dr. Naaman's affidavit because she did not produce expert medical testimony to prove that Dr. Naaman was negligent and his actions were the proximate cause of Westerlund's injuries and damages. *Hart,* 399 S.W.2d at 792; *Tilotta,* 752 S.W.2d at 163. Westerlund's lay witness testimony has no probative force in a medical malpractice case. *Id.*

Westerlund's fourth and fifth points of error are overruled.

The judgment is affirmed.