**Ruth RADLOFF and Harry
L. Radloff, Appellants**

v.

**John DORMAN, M.D., Appellee.**

**No. 07–96–0022–CV.**

Court of Appeals of Texas,
Amarillo.

May 15, 1996.

Rehearing Overruled July 15, 1996.

Kevin A. Isern, Amarillo, for appellants.

McCleskey Harriger Brazill & Graf, L.L.P., Jim Hund, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

REYNOLDS, Chief Justice.

Ruth Radloff and Harry L. Radloff perfected this appeal from a take-nothing summary judgment rendered against them upon the ground that limitations barred their action to hold John Dorman, M.D. liable for medical negligence. We will affirm.

The summary judgment record reveals that on 27 December 1991, Ruth underwent surgery performed by Dorman to remove her left ovary.[1] In August of 1993, Ruth discovered that a mass had formed around a portion of the fallopian tube which Dorman failed to remove during the 27 December 1991 procedure. The Radloffs filed their action against Dorman and Central Plains Regional Hospital, Inc. on 12 July 1994, reciting that notice was provided "more than sixty (60) days prior to the filing."[2]

By their live trial pleadings, the Radloffs alleged that the failure of Dorman to completely remove the fallopian tube according to the minimum standards of health care was negligence which was a direct and proximate cause of Ruth having to undergo additional surgery and medical treatment in an effort to correct the problems created by Dorman. The Radloffs' allegations, predicated on Dorman's actions and omissions which they characterized as "negligence or malpractice," were typical health care liability claims governed by the Medical Liability and Insurance Improvement Act. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 1.03(a)(4) (Vernon Pamph.1996).[3]

Dorman moved for summary judgment on the ground that the Radloffs' claims were barred by limitations specified in section 10.01 of the Act. As material to this cause, the section provides that:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed

. . . .

Based upon this provision, Dorman asserted that since the Radloffs' action was filed more than two years after the 27 December 1991 treatment, the Radloffs' claims were barred by limitations.

In response to the motion for summary judgment, the Radloffs maintained that they not only pleaded a cause of action under the Act, but also pleaded a common law cause of action, thereby invoking the discovery rule as to any malpractice committed by Dorman, which is not governed by section 10.01 of the

---

1. Years before, Ruth underwent a hysterectomy which left her with only her left ovary and fallopian tube.

2. Central Plains Regional Hospital, Inc. was nonsuited from the proceedings and was not a party to the judgment or this appeal.

3. References herein to the Act refer to article 4590i, Texas Revised Civil Statutes Annotated (Vernon Pamph.1996).

Act, but by the limitations period provided in section 16.003(a) of the Texas Civil Practice and Remedies Code Annotated (Vernon Supp.1996).[4] Further, they asserted, that if section 10.01 was applicable, its application was violative of the open courts provision of the Texas Constitution.

The trial court granted Dorman's motion for summary judgment and rendered judgment that the Radloffs take nothing. Appealing, the Radloffs present three points of error, contending that the trial court erred in granting the summary judgment because (1) Dorman did not prove as a matter of law that their claim was barred by limitations, (2) there was a disputed fact issue concerning whether they properly presented a common law negligence claim, and (3) there was a disputed fact issue concerning whether the application of the statute of limitations violated the open courts provision of the Texas Constitution.

■ As the movant for summary judgment on the affirmative defense of limitations, Dorman had to establish as a matter of law his entitlement to the judgment by conclusively proving that no genuine issue of material fact existed as to his defense. Therefore, he assumed the burden of showing as a matter of law that the Radloffs' action was barred by limitations as provided in section 10.01 of the Act. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983).

■ By their live trial pleadings, the Radloffs alleged that Dorman failed to: (1) perform competently the preparations for Ruth's surgery; (2) warn Ruth of any possible dangers or side effects; (3) properly remove Ruth's ovary completely; (4) inform Ruth that the ovary was still intact; (5) provide reasonable and safe care and treatment; (6) administer appropriate procedures for Ruth's care and treatment; and (7) properly diagnose and treat Ruth. All of the claims, as alleged, are founded upon an alleged injury caused by Dorman's negligence in performing surgery upon Ruth on 27 December 1991. Thus, the claims of injury are typical health care liability claims governed by the Act, for which an absolute two-year period of limitations is fixed by section 10.01 of the Act. *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.1987).

■ By application of section 10.01, the limitations period in which the Radloffs could have brought their claims of medical negligence against Dorman began to run on the date of the surgery, 27 December 1991, and expired two years later, 26 December 1993, *see Jennings v. Burgess*, 917 S.W.2d 790, 794 (Tex.1996), more than six months prior to their filing suit on 12 July 1994. Although the Radloffs' pleadings contained the bare allegation that they had pleaded a common law cause of action which invoked the discovery rule as to any malpractice committed by Dorman, the Act adopted an absolute two-year limitations period and abolished the "discovery rule" in health care liability claims. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985).

Nevertheless, the Radloffs declare that by invoking the Act, they did not relinquish their claims for common law negligence, the limitations period for which is governed by section 16.003(a), *supra*, and cite *Pope v. St. John*, 862 S.W.2d 657 (Tex.App.—Austin 1993), *rev'd and rendered*, 901 S.W.2d 420 (Tex.1995), and *Martin v. Petta*, 694 S.W.2d 233 (Tex.App.—Austin 1985, writ ref'd n.r.e.), in support of their declaration. However, those cases are inapposite.

The record in *Martin* revealed that Mrs. Martin underwent a hemorrhoidectomy and, while she was in the hospital, it was discovered she had suffered a fractured toe. 694 S.W.2d at 234. The Martins plead two separate causes of action and sought to recover for two specific and distinct acts of alleged negligence, one for medical negligence and one based upon the common law doctrine of res ipsa loquitur. *Id.* at 238. The court held that the pleadings alleged negligence under the doctrine of res ipsa loquitur within the limitation placed upon the doctrine by the Act, albeit the doctor sought to be held liable was exonerated because he had no control over the instrumentalities alleged to have

---

4. As material to the Radloffs' contention, this section provides that "a person must bring suit for ... personal injury ... not later than two years after the day the cause of action accrues."

caused the fractured toe. *Id.* at 239–40. Here, to the contrary, the Radloffs have no allegations invoking the doctrine of res ipsa loquitur.

The court of appeals in *Pope* relied upon *Martin* to hold that absent a physician-patient relationship in the circumstances there existing, the doctor's duties were defined under the rules of ordinary negligence. 901 S.W.2d at 423. The Supreme Court rejected that holding, and held that absent a physician-patient relationship, the doctor owed no duty of care to Pope. 901 S.W.2d at 424. Here, there can be no question that there was a physician-patient relationship between Dorman and Ruth Radloff.

With their last point of error, the Radloffs assert that the trial court erred in granting the summary judgment because there is a disputed fact issue about whether the judgment violates the "open courts" provision of the Texas Constitution. In reality, the Radloffs' contention is that the application of section 10.01 of the Act violates the open courts provision, one of the due process guarantees, which mandates that:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

Tex. Const. Art. I, § 13. The violation obtains, the Radloffs contend, because the application of section 10.01 placed an impossible burden on them since they "discovered the wrong in August of 1993," and "had 4 months within which time to discover the wrong and bring suit," which "simply was not a reasonable time for [them] to bring suit." We are not in accord.

 Section 10.01 was designed to limit the length of time an insured health care provider would be exposed to potential liability. *Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983). The open courts provision operates to render section 10.01 unconstitutional insofar as it purports to cut off a cause of action before the action is known to exist or before suit can be brought. *Neagle v. Nel-*

son, 685 S.W.2d 11 (Tex.1985); *Nelson v. Krusen,* 678 S.W.2d 918 (Tex.1984). Yet, the provision has no affect upon the limitations period when the plaintiff discovers the injury while there is still a reasonable time to sue. *Morrison v. Chan,* 699 S.W.2d at 207.

 Although the Radloffs maintain both that four months is not a reasonable time in which to sue, and that a disputed fact issue exists as to whether four months is a reasonable time to bring suit, they have not offered, by affidavit or otherwise, any explanation why their action could not reasonably be brought within the four month period. In *LaGesse v. PrimaCare, Inc.,* 899 S.W.2d 43, 46–47 (Tex.App.—Eastland 1995, no writ), the court held that the discovery of the injury six months before the limitations period expired afforded plaintiff a reasonable opportunity to file her suit within the two-year limitation period, even though her attorney filed an affidavit stating that she did not have a reasonable opportunity to discover her wrong and bring suit within that period of time. Similarly, we hold that absent any evidence to raise a fact issue as to whether four months is a reasonable time to bring their action, the Radloffs have not rebutted Dorman's summary judgment evidence of the application of the two-year statute of limitations.[5]

Accordingly, all of the Radloffs' points of error are overruled, and the judgment is affirmed.

QUINN, J., concurring.

QUINN, Justice, concurring.

I join in the reasoning and result expressed by the Chief Justice but note one further ground for rejecting the proposition that limitations may be controlled by some statute other than art. 4590i, § 10 of the Texas Revised Civil Statutes. As recently stated by the Texas Supreme Court, § 10 dictates the time in which one must initiate a health care liability claim, *"notwithstanding any other law."* *Jennings v. Burgess,* 917

---

**5.** We have not overlooked the Radloffs' pleadings, made without any reference to documentation, that notice was provided more than sixty (60) days prior to the filing of their action, but untimely notice will not operate to extend the filing deadline. *Jennings v. Burgess,* 917 S.W.2d 790, 793 (Tex.1996).

S.W.2d 790, 794 (Tex.1996) (emphasis added). I read this to mean that irrespective of whether the complainant couches his suit in negligence or some other legal theory, the limitations period found in § 10 of article 4590i would control to the extent that the cause of action entails the "treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety...." *Tex.Rev.Civ.Stat.Ann.* art. 4590i, § 1.03(a)(4) (Vernon's Pamph. 1996) (defining "health care liability claim"). Thus, the general limitation period found at § 16.003 of the Texas Civil Practice and Remedies Code and invoked by the Radloffs would be utterly inapplicable.