Joseph C. SNOW et al., Petitioners,

v.

Leslie D. BOND, Respondent.

No. B–753.

Supreme Court of Texas.

Feb. 26, 1969.

McMahon, Smart, Sprain, Wilson & Camp, Marvin S. Sprain and William H. Berry, Jr., Abilene, for petitioners.

Leland D. Sutton, Abilene, for respondent.

WALKER, Justice.

Leslie D. Bond, plaintiff, instituted this malpractice suit against Dr. Marco T. Eugenio and Dr. Joseph C. Snow, defendants. A summary judgment in favor of defendants was rendered by the trial court. This judgment was reversed by the Court of Civil Appeals and the cause was remanded for trial. 422 S.W.2d 842. We agree that the summary judgment was not warranted.

Plaintiff was operated for the removal of a ruptured disk by Dr. Eugenio, with Dr. Snow assisting, on December 1, 1964. The patient was discharged from the hospital on January 11, 1965, and thereafter presented himself to the offices of defendants for care and redressing of the wound until February 22nd. He then entered the Veterans' Administration Hospital in Big Spring and remained there under the care of other doctors for some forty days. It is his contention that defendants negligently permitted an infection to delay his recovery following the operation.

In support of the motion for summary judgment, defendants offered their own depositions and affidavits and also filed an affidavit by Dr. Jim M. Hooks, a disinterested orthopedic surgeon. If the opinions and conclusions expressed in the affidavits are to be accepted, they tend to establish that defendants were not negligent in their care of the plaintiff or their diagnosis and treatment of the infection. The record contains no expert testimony to the contrary, either by affidavit or deposition, but the Court of Civil Appeals reasoned that the opinion evidence given by the three doctors is not of that conclusive character required for the rendition of a summary judgment.

Defendants say that the intermediate court missed the real issue in the case, and that its holding will make the summary judgment practice wholly inapplicable to malpractice suits. They point out that under the rule of Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R.2d 1, plaintiff cannot prevail on a conventional trial of this case without expert medical testimony from which the trier of fact may reasonably conclude that the delay in his recovery was proximately caused by negligence of defendants in either diagnosis or treatment. See also Hart v. Van Zandt, Tex.Sup., 399 S.W.2d 791; Porter v. Puryear, 153 Tex. 82, 262 S.W.2d 933, 264 S.W.2d 689. Defendants argue from this premise that their showing of expert opinion evidence tending to negative negligence shifted to plaintiff the burden of going forward at the summary judgment stage. They insist that summary judgment was properly rendered in their favor since plaintiff did not counter with an affidavit or deposition containing expert opinion evidence showing a material and disputed issue of fact.

We do not reach the ultimate question presented by this argument. Assuming without deciding that the burden of going forward may be shifted to the plaintiff as defendants contend, it is our opinion that the depositions and affidavits in the present record do not have that effect.

Plaintiff alleged not only that the infection was contracted as a result of defendants' negligence but also that they were negligent in their treatment of the same. There is little or nothing in the deposition of either defendant to aid in determining whether the diagnostic procedures used and treatment given were proper under the circumstances. The affidavit of each defendant states the nature of the infection, that it could not have been prevented by isolation, and that its source cannot be determined. These statements do not even purport to deal with the diagnosis and treatment of the infection.

Each defendant also stated in his affidavit that he provided plaintiff with "that character of care which a reasonably prudent medical doctor similarly situated would have provided under the same or similar circumstances." The affidavit of Dr. Hooks states that he had read the defendants' depositions and examined the hospital records and that in his opinion: (1) "the infection suffered by the plaintiff post-operatively was not due to any malpractice or negligence on the part of either Dr. Eugenio or Dr. Snow"; and (2) "the type of care and treatment afforded to Leslie D. Bond by both Dr. Marco T. Eugenio and Dr. Joseph C. Snow was in keeping with the kind and character of care and treatment which a reasonable and prudent medical doctor similarly situated would have provided under the same or similar circumstances." If there is any basis in the record for the summary judgment, it must be found in these conclusions expressed by the three doctors.

 What constitutes negligence or malpractice is a mixed question of law and fact that can only be determined by the trier of fact on the basis of evidence admitted and instructions given by the court. A medical expert is not competent to express an opinion thereon. See Houston & T. C. R. Co. v. Roberts, 101 Tex. 418, 108 S.W. 808. The question of what a reasonable and prudent doctor would have done under the same or similar circumstances

must also be determined by the trier of fact after being advised concerning the medical standards of practice and treatment in the particular case. An expert witness can and should give information about these standards without summarizing, qualifying or embellishing his evidence with expressions of opinion as to the conduct that might be expected of a hypothetical doctor similarly situated. The latter is not an appropriate subject for expert testimony. See Phoenix Assur. Co. of London v. Stobaugh, 127 Tex. 308, 94 S.W.2d 428. None of the conclusions mentioned in the preceding paragraph would be admissible on a conventional trial of the case, and the affidavits are not sufficient to support the summary judgment. See Rule 166–A, Texas Rules of Civil Procedure.

The judgment of the Court of Civil Appeals is affirmed.

McGEE, J., not sitting.