Donald G. **BEARCE**, Appellant,

v.

Dr. W. T. **BOWERS**, Appellee.

No. 18128.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 20, 1979.

Robert J. Wilson, Burleson, for appellant.

Cantey, Hanger, Gooch, Cravens & Munn and William B. David, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

Donald Bearce, a patient, sued Dr. W. T. Bowers alleging malpractice in the treatment of a puncture wound in his foot. At the conclusion of plaintiff's case, the trial court granted defendant's motion, withdrew the case from the jury and rendered judgment for Dr. Bowers as a matter of law. The trial judge ruled that Bearce had failed to establish a community standard of care.

We affirm.

Briefly stated, Bearce injured his foot when he stepped on a steel reinforcing rod at work. The rod pierced his boot and foot. It was later shown that the puncture had embedded microscopic particles or foreign matter in his foot. Bearce was taken to a hospital emergency room and treated by Dr. Bowers. The wound was cleansed, antibiotics prescribed, a tetanus shot given and the foot X-rayed. Bearce was then sent home with instructions for follow-up care and told to return to Dr. Bowers in a few days. Before this appointment, the wound became infected. Dr. Bowers had to excise it on two occasions, removing foreign matter. The infection persisted and Bearce went to Dr. William Whitehouse who excised the wound for a third time, removing more foreign matter. The infection then cleared up and the wound healed.

In order for this suit to have reached the jury, Bearce was required to present competent evidence by a doctor of the same school of practice as Dr. Bowers that the treatment complained of was negligence and such negligence was a proximate cause of his injuries. *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779 (1949). Therefore it was necessary for Bearce to establish through a medical expert a professional standard of care so the jury could determine whether Dr. Bowers' treatment deviated from that standard so as to constitute negligence or malpractice.

■ In resolving whether Bearce presented competent expert evidence of a standard of care sufficient to escape the instructed verdict, the evidence must be viewed and interpreted in the light most favorable to him, disregarding all evidence and the inferences therefrom favorable to Dr. Bowers. *Hart v. Van Zandt*, 399 S.W.2d 791 (Tex.1965).

■ We hold the trial court to be correct in withdrawing the case from the jury on the basis of Bearce's failure to establish a standard of care. Throughout Dr. Whitehouse's deposition there was no proper question asked him about the standard of care. Instead the questions were, in effect, "Doctor, . . . what . . . would *you* have done . . .?" (Emphasis ours.) Dr. Whitehouse answered one such question, "The usual process here is a drainage in an effort to debride or remove the tissues that are suspect, compatible with the proper function of the foot."

Bearce hangs his hat on the statement coupled with Dr. Bowers' testimony as establishing a standard of care.

We have examined the record and hold that it is devoid of any such evidence. *Snow v. Bond*, 438 S.W.2d 549 (Tex.1969); *Smith v. Guthrie*, 557 S.W.2d 163 (Tex.Civ. App.—Fort Worth 1977, writ ref'd n. r. e.). What Dr. Whitehouse personally would or would not have done under the same circumstances confronting Dr. Bowers is insufficient to establish the requisite standard. Even viewing Dr. Whitehouse's testimony in the light most favorable to Bearce, we do not find that it raises any questions about the propriety of the medical practices followed by Dr. Bowers. Bearce's second point of error is overruled.

Bearce's first point of error attacks the exclusion of portions of Dr. Whitehouse's deposition testimony. The excluded portions concerned hypothetical questions which called for the assumption that the treating physician had been informed by the radiologist of the existence of foreign bodies in the wound. Dr. Bowers contends that the evidence clearly shows that he was never informed by the radiologist that foreign matter was imbedded in the foot. He argues that if a hypothetical question assumes facts not in evidence, it is the subject of a proper objection. Bearce asserts that the excluded testimony was based on facts which had been presented in evidence during the course of the trial.

■ While we are of the opinion that the trial court properly excluded the questions, in view of our holding above the alleged error is harmless. Hence, we overrule Bearce's first point of error.

The judgment of the trial court is affirmed.