Irene **WOOD** and Husband Lewis Wood, Appellant,

v.

John F. **HUTCHINSON**, M.D., Appellee.

No. 2–82–057–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 30, 1982.

Rehearing Denied Jan. 27, 1983.

Robert Vecchio, Arlington, for appellant.

Cantey, Hanger, Gooch, Munn & Collins and Richard L. Griffith, Rod Patterson, Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a summary judgment granted defendant, John F. Hutchinson, M.D., in a medical malpractice suit.

Appellants single point of error asserts that the trial court erred in granting appellee's motion for summary judgment. We agree.

We reverse the summary judgment and remand to the trial court with directions that the cause be dismissed without prejudice to any party thereto.

Appellant, Irene Wood, was operated on in 1978 by the appellee, John F. Hutchinson. She experienced post-operative abdominal pains for a period of time following the operation, and finally in 1980, an X ray revealed the existence of a surgical sponge in her abdominal cavity resulting in a further operation for its removal.

Appellant sued appellee for medical malpractice. Appellee filed a motion for summary judgment supported by appellee's affidavit denying any departure from the standard of care for doctors of the same or similar community. Appellee's controverting affidavit sets forth the matters described in the preceding paragraph.

█ The granting of the summary judgment is controlled by Tex.R.Civ.P. 166–A(c). The rule has been construed on more than one occasion by the Texas courts. We hold that the granting of the summary judgment was premature and rely on the authority of *Snow v. Bond,* 438 S.W.2d 549 (Tex.1969) and *Cloys v. Turbin,* 608 S.W.2d 697 (Tex.Civ.App.—Dallas, 1980). Without elaborating, we hold that a genuine issue of fact exists and that on the posture of the record before us, including the pleadings, the affidavit of appellee and the controverting affidavit of appellant, the cause should have proceeded to trial on the merits but for the problem next discussed.

█ There is another issue (raised by appellee's counterpoint five) in the case that requires the court to remand the cause to the trial court with directions that same be dismissed without prejudice to any party thereto. In this regard, we note that appellant failed to plead compliance with Tex. Rev.Civ.Stat.Ann. art. 4590i, § 4.01 (Supp. 1982). In *Wilborn v. University Hospital,* 642 S.W.2d 50 (Tex.App.—Amarillo, 1982), the Amarillo court held that art. 4590i, § 4.01 is mandatory in requiring pleading of compliance therewith.

We reverse the summary judgment and remand this cause to the trial court with direction that same be dismissed without prejudice to any party thereto.