**John F. HUTCHINSON, M.D., Petitioner,**

v.

**Irene WOOD et vir., Respondents.**

No. C–1939.

Supreme Court of Texas.

Oct. 5, 1983.

Cantey, Hanger, Gooch, Munn & Collins, Richard L. Griffith and Rod Patterson, Fort Worth, for petitioner.

Robert E. Vecchio, Arlington, for respondents.

PER CURIAM.

Dr. John F. Hutchinson was granted a summary judgment in this medical malpractice suit brought by Irene Wood and her husband, Lewis Wood. The court of appeals held that based upon the pleadings and affidavits of the parties, a genuine fact issue existed, and reversed. However, because the Woods had failed to plead that prior to the filing of suit they had given notice of their claim to Dr. Hutchinson, the court of appeals remanded the cause to the trial court with instructions that it be dismissed without prejudice. 644 S.W.2d 900. Both Dr. Hutchinson and the Woods seek writ of error. We deny the relief sought by Dr. Hutchinson, but grant writ of error to the Woods, and pursuant to Rule 483, Tex. R.Civ.P., without hearing argument, reverse the court of appeals' order of dismissal and remand this cause to the trial court.

Subsequent to the holding of the court of appeals in this cause, this Court rendered its decision in *Schepps v. Presbyterian Hospital of Dallas,* 652 S.W.2d 934 (Tex.1983). In that case, we held that the Texas Legislature, in enacting section 4.01 of Tex.Rev. Civ.Stat.Ann. art. 4590i (Medical Liability and Insurance Improvement Act), had a legitimate purpose in requiring malpractice claimants to give notice to the alleged malpractitioner sixty days prior to the filing of suit. We determined, however, that the purpose of the notice requirement—to promote a resolution of malpractice claims without excessive litigation costs—could be as easily accomplished by abating a cause as by dismissing it. Moreover, we reasoned that abatement would best subserve the Act's stated purpose of modifying the malpractice claims system "in a manner that will not unduly restrict a claimant's right anymore than necessary...."

In this case, while there is a disputed allegation that the Woods failed to give Dr. Hutchinson pre-suit notice, they clearly did not state in their original petition that they had complied with the notice provision, which is likewise a requirement of article 4590i, section 4.01. Because of the failure of the Woods to plead compliance with the notice provision, Dr. Hutchinson first filed a Plea in Abatement and Motion to Dismiss. No court action was taken in respect to this pleading. However, Dr. Hutchinson's Motion for Summary Judgment contained, in addition to those matters found by the court of appeals to be in factual dispute, the

allegation that the Woods had failed to plead compliance with the notice provision of article 4590i. The trial court granted Dr. Hutchinson summary judgment on the basis of "each and every ground stated in his Motion."

We perceive the issue of pleading notice compliance to be substantially the same as the issue presented in *Schepps.* Therefore, we hold that the court of appeals erred in ordering dismissal of this cause. Accordingly, we affirm that part of the judgment of the court of appeals that reversed the judgment of the trial court; we reverse that part of the judgment of the court of appeals that ordered a dismissal of this cause; and, we remand this cause to the trial court with instructions that it abate this cause until the Woods plead in conformity with article 4590i, section 4.01.