**Robert Lee SMITH, Appellant,**

v.

**Dr. A.R. PONTON, Appellee.**

**No. 08–92–00250–CV.**

Court of Appeals of Texas,
El Paso.

May 19, 1993.

**850**

A.J. Pope, Midland, for appellant.

Perry Davis, Jr., Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, John P. Calhoun, Calhoun & Foust, El Paso, Joel B. Locke, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellee.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

### OPINION

OSBORN, Chief Justice.

This appeal is from a summary judgment which denied recovery to an inmate of the Brewster County Jail on a claim for damages for alleged medical malpractice by a doctor who treated him for injuries alleged to have been sustained while in jail. We affirm.

### Facts

Robert Lee Smith claimed to have been injured in November 1987 when an oven door in the jail fell on him. He was taken by jailers to Dr. A.R. Ponton in Alpine for treatment. The doctor gave him a shot of Xylocaine and prescribed a muscle relaxer. Smith did not see the doctor again until April 1988. At that time, he was referred to an orthopedic specialist who later performed disc surgery.

### Pleadings

This suit was filed alleging negligence upon the part of Dr. Ponton in not taking back X rays at the time of the first examination, in failing to do basic diagnostic laboratory work, in permitting the muscle relaxant to be used beyond the time recommended by the manufacturer, in not scheduling a follow-up examination and in failing to refer the patient to an orthopedic specialist.

### *Motion for Summary Judgment*

Dr. Ponton filed a Motion for Summary Judgment asserting that the treatment of Smith conformed to the standards of care of physicians in Alpine, Texas and that there was no fact issue concerning any negligence upon the part of the doctor. Attached to the motion was the affidavit of Dr. Ponton as to his treatment. Also attached was the affidavit of Dr. John Pate, a physician in Alpine, Texas. He stated that he had reviewed the deposition of Robert Lee Smith and the affidavit of Dr. Ponton and that he was familiar with the standards of care of physicians in Alpine. It was his opinion that Dr. Ponton's care of Smith conformed to the standard of care of physicians in Alpine. In addition, the oral deposition of Dr. Phillip Zeeck contained the doctor's opinion that the treatment provided by Dr. Ponton conformed to the standards of care in Alpine. Although he did not state what the standards were, as such;

when asked about certain conduct, he stated the failure to take X rays was not below the standard of care and further that conventional X rays are not definitive for a finding of a herniated nucleus pulposus. Also, he found no negligence in failure to refer the patient to an orthopedic surgeon after the first visit, no abandonment of the patient and no negligence in continuing to provide for refills of the prescription for Flexeril for up to six months.

### Issue for Review

The Appellant, Robert Smith, contends that the trial court erred in granting summary judgment because there are genuine issues of material facts and the evidence of the expert witnesses is not clear, positive and direct and free from contradictions and inconsistencies. The affidavit of Dr. Pate and the deposition of Dr. Zeeck reflect clear and positive statements that Dr. Ponton's treatment of Mr. Smith was within the standards required of a general practitioner in Alpine, Texas and that he was not negligent in his treatment of this patient. No controverting expert opinion evidence was offered to contradict their opinions.

### Standard of Review

█ In this case, the question for the appellate court is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the movant's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970). There is no burden on the non-movant and the moving party must submit sufficient proof that there is no issue of material fact. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Only when the summary judgment movant has proven his claim or defense as a matter of law does the burden shift to the non-movant to raise a fact issue in order to avoid the entry of a summary judgment. *Oram v. General American Oil Company of Texas,* 513 S.W.2d 533 (Tex.1974); *Orozco v. Texas General Indemnity Company,* 611 S.W.2d 724 (Tex. Civ.App.—El Paso 1981, no writ). A summary judgment may be based on uncontro-

verted testimonial evidence of an expert witness as to the subject matter concerning which the trier of fact must be guided solely by opinion testimony of experts, if the evidence is clear, positive and direct, and is free from contradictions and inconsistencies and could have been readily controverted. TEX.R.CIV.P. 166a(c); *Anderson v. Snider,* 808 S.W.2d 54 (Tex.1991); *Republic National Leasing Corporation v. Schindler,* 717 S.W.2d 606 (Tex.1986).

### Proof of Standard of Care

█ The question arises as to what proof is required to establish the standard of care in a given case. *See* Lane, 4 MEDICAL LITIGATION GUIDE § 40.22 (1993). Must the record reflect the standards required of a medical doctor in a given situation, or may the evidence only reflect that the standards were met? In *Snow v. Bond,* 438 S.W.2d 549 (Tex.1969), the Court said:

> The question of what a reasonable and prudent doctor would have done under the same or similar circumstances must also be determined by the trier of fact after being advised concerning the medical standards of practice and treatment in the particular case. *Id.* at 550–51.

In *Duncan v. Horning,* 587 S.W.2d 471 (Tex.Civ.App.—Dallas 1979, no writ), the Court, in affirming a summary judgment in a dental malpractice case, noted that the defendant's affidavit "states that he acted in accordance with the standard of care prevalent in Dallas County" and denied each act of negligence. *Id.* at 473. The same language appears in *Shook v. Herman,* 759 S.W.2d 743, 746 (Tex.App.—Dallas 1988, writ denied) where the Court said that Dr. Herman "states that he acted in accordance with the standard of care prevalent in Dallas County" and denied the allegations of negligence.

Other cases have found such conclusions insufficient. In *Martin v. Petta,* 694 S.W.2d 233 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.), the Court held that an expert in a medical malpractice case should state what the standard of care for the specific disease or condition is in a given

locality and then state what conduct of the defendant doctor violated or breached that standard of care. The opinion relies upon language in *Snow v. Bond,* 438 S.W.2d 549 (Tex.1969) and *Burks v. Meredith,* 546 S.W.2d 366 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). That holding was followed in *Cedillo v. Jefferson,* 802 S.W.2d 866 (Tex. App.—Houston [1st Dist.] 1991, writ denied) where Chief Justice Evans wrote:

> We agree with plaintiffs that a medical expert's affidavit is insufficient if it merely sets forth the expert's conclusionary statement that he is familiar with the standard of care and that the treatment was within that standard.

*Id.* at 869. But, in that case, the Court went on to affirm a summary judgment for the defendant doctor after concluding that the medical affidavit of the doctor was sufficient to prove the applicable standards of medical care and to establish, absent controverting evidence, that his conduct was in accordance with such standards.

The same results were reached in *Elam v. Yale Clinic,* 783 S.W.2d 638 (Tex.App.— Houston [14th Dist.] 1989, no writ) where both a doctor and a nurse stated in affidavits that they were familiar with the standard of care applicable to doctors, nurses and hospitals in Houston during the time period in question and that the treatment met the applicable standards. Without controverting evidence to raise a genuine fact issue, the summary judgment was affirmed. Likewise, in our case the testimony of Dr. Zeeck was sufficient, absent controverting evidence, to establish that the conduct of Dr. Ponton was in accordance with the standards in the community where he was in practice. Absent controverting evidence, the evidence conclusively negates the alleged breach of the standard of care required of a general practitioner.

The Appellant's points of error are overruled. The judgment of the trial court is affirmed.

LARSEN, Justice, concurring.

I concur with the majority opinion under the facts of this case. I write, however, to emphasize that the defendant must, in a medical malpractice summary judgment, affirmatively set out the standard of care in the community and state in detail how the defendant health care provider's conduct conformed, or failed to conform, to this standard. *Cedillo v. Jefferson,* 802 S.W.2d 866, 869 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Martin v. Petta,* 694 S.W.2d 233, 238 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). Here Dr. Zeeck's deposition testimony sets out piecemeal the various elements of the applicable standard of care; Dr. Zeeck, Dr. Pate and Dr. Ponton all testified that Dr. Ponton did not violate it and plaintiff did not controvert this evidence. I therefore agree that defendant met the standard for summary judgment in a medical malpractice case, but just barely. The medical standard of care is the threshhold question in a malpractice case, and it *must* be established so the fact finder may determine if the doctor's acts or omissions deviated from it. Thus, the better, and far safer, practice is for an expert (whether the defendant or another doctor) to set out specifically what treatment constitutes the standard of care for the community, and then compare the doctor's actual conduct with the standard. A defendant relying upon less structured summary judgment evidence flirts with reversal.