NUMBER 13-96-001-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

___________________________________________________________________



DOUGLAS A. BOONE, 

DENYSE ANN BOONE, AND 

ANTHONY TROY BOONE , Appellants,



v.



GEORGE FISHER, M.D.,

 PHILIP J. A. WILLMAN, M.D., 

AND NEUROSURGERY, P.A., Appellees.

___________________________________________________________________



On appeal from the 319th District Court

of Nueces County, Texas.

___________________________________________________________________



OPINION OVERRULING

MOTION FOR REHEARING



Before Justices Dorsey, Hinojosa, and Yañez

Opinion by Justice Dorsey

 Appellants have filed a motion to supplement the record on appeal and a motion for rehearing. We have granted the
motion to supplement the record, and have considered the supplemented material in determining the motion for rehearing. 
We overrule appellants' motion for rehearing and affirm the judgment. 

 Appellants contend that they had no notice that the deposition of Dr. Karl Swann was not included in the appellate record
until receiving the opinion of this Court handed down on January 28, 1999. That deposition was relevant to two of their
forty-seven points of error. Because we find that appellants exercised diligence in ensuring that a complete record was
presented to this Court, we have granted their motion to supplement, and supplemented the record with that deposition. See
Tex. R. App. P. 50(e) (former rules); Melendez v. State, 936 S.W.2d 287, 295 (Tex. Crim. App. 1996). 

 Dr. Swann is an expert neurologist originally hired by the defense. Appellants, who were the plaintiffs at trial, called him
to testify at trial by deposition. The trial court excluded certain portions of his deposition testimony that related to what Dr.
Swann, personally, would have done differently than the defendant medical professionals. The defendants had obtained a
pre-trial ruling that plaintiffs not be allowed to ask questions eliciting that information. 

 Appellants argued on appeal that the trial court erred in refusing to admit those portions of Dr. Swann's testimony. In our
original opinion, we held that appellants waived that issue because Dr. Swann's deposition was not made a part of the
record. 

 Upon receiving the opinion of this Court, appellants brought a motion to supplement the record with Swann's deposition. 
We have granted that motion, and reconsidered the affected issues with the benefit of the supplemented deposition. We
hold that it was not error to exclude the evidence regarding what Dr. Swann personally would have done and overrule
appellants point of error. Because the disposition of the case is the same, we do not withdraw our original opinion, but
direct that this opinion serve as a supplement to the original opinion on the issues related to Dr. Swann's deposition
testimony. 

 Complaints of improperly excluded evidence are reviewed under the abuse of discretion standard. Owens-Corning
Fiberglass Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). The test for abuse of discretion is whether the court acted
without reference to any guiding rules and principles, i.e., whether the act was arbitrary and unreasonable. See Texas Dept.
of Public Safety v. Jennings, 1 S.W.3d 348, 351 (Tex. App.--Corpus Christi 1999, no pet. h.). 

 It is well established that a medical expert may not testify regarding what he would have done in the same circumstances,
or what the hypothetically prudent medical professional would have done. Snow v. Bond, 438 S.W.2d 549, 550-51 (Tex.
1969); accord Coan v. Winters, 646 S.W.2d 655, 657-58 (Tex. App.--Fort Worth 1983, writ ref'd n.r.e.); Martin v. Petta,
694 S.W.2d 233, 238 (Tex. App.--Fort Worth 1985, writ ref'd n.r.e.); Burks v. Meredith, 546 S.W.2d 366 (Tex. Civ.
App.--Waco 1976, writ ref'd n.r.e.). The rationale for that rule was explained by the Texas Supreme Court in Snow: 

 What constitutes negligence or malpractice is a mixed question of law and fact that can only be determined by the trier of
fact on the basis of evidence admitted and instructions given by the court. A medical expert is not competent to express an
opinion thereon. . . . The question of what a reasonable and prudent doctor would have done under the same or similar
circumstances must also be determined by the trier of fact after being advised concerning the medical standards of practice
and treatment in the particular case. An expert witness can and should give information about these standards without
summarizing, qualifying or embellishing his evidence with expressions of opinion as to the conduct that might be expected
of a hypothetical doctor similarly situated. The latter is not an appropriate subject for expert testimony. . . . 



Snow, 438 S.W.2d at 550-51. Accordingly, we find that the evidence was properly excluded. 

 We find no merit in any other points raised in appellants' motion for rehearing and thus, deny the motion. The judgment is
AFFIRMED. 



J. BONNER DORSEY, 

Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 22nd day of June, 2000.